**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **3:01-CR-374-H** |
| | ) | **(3:04-CV-2739-H)** |
| **JOSE SIMON CABRERA,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant, Jose Simon Cabrera, is represented by retained counsel.

Statement of the Case:  On December 4, 2001, Movant was charged in two counts of a four-count indictment. Count one charged him with conspiracy to possess with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, whereas count two charged him with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (§ 2255 Mot. at 1-2). On April 5, 2002, Movant pled guilty to count one. On October 3, 2002, the District Court sentenced Movant to 230 months

imprisonment and a five-year term of supervised release, and dismissed count two on the government's motion. Movant did not file a timely notice of appeal. (Id.). On November 25, 2002, he submitted a motion for leave to file an out of time notice of appeal, which the Court denied on November 27, 2002. Although Movant appealed, the Fifth Circuit dismissed the appeal for want of jurisdiction on October 2, 2003, because the notice of appeal was not filed within ten days of entry of the district court's order denying the motion.

On December 29, 2004, Movant filed this § 2255 motion challenging the judgment of conviction. In two grounds for relief, he challenges the ineffective assistance of his sentencing counsel in failing to raise the court's failure to advise Movant of his right to appeal, and in failing to file a notice of appeal when Movant desired that he do so. In the third ground, he challenges the enhancement of his sentence under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which was recently extended to the federal sentencing guidelines in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In its response filed on April 18, 2005, the government claims that Movant's Blakely/Booker claim is not cognizable on collateral review, and that his claims of ineffective assistance of counsel are barred by the one-year limitation period.

Findings and Conclusions: The Fifth Circuit recently held, in the context of a successive motion under § 2255, that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, ___ F.3d ___, 2005 WL 976998 (5th Cir. Apr. 28, 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuit courts that have considered the question have determined that the Booker decision is not retroactively applicable to collateral review cases.

See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. April 8, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Therefore, under the law of this Circuit, Movant's claim under Blakely/Booker is foreclosed. Such a claim is not cognizable in a section 2255 action.

Movant's remaining claims are time barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. See 28 U.S.C. §§ 2255.

The one-year period is calculated from the latest of either (A) the date on which judgment of conviction became final; (B) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2255.

Movant has alleged no state-created impediment under subparagraph (B) that prevented him from raising his claims of ineffective assistance of counsel. Nor does he base these claims on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims of ineffective assistance of counsel became known or could have become known prior to the date of Movant's judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date

Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Movant's judgment of conviction was entered on the docket on October 4, 2002. His conviction, therefore, became final on October 21, 2002, the last day on which he could have appealed to the Fifth Circuit Court of Appeals from the judgment of conviction. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.") and 26(a)(2). The one-year period began to run on October 22, 2002, the day after the conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on October 21, 2003. Movant did not file this § 2255 motion until December 29, 2004, more than two years after the expiration of the one-year period. Therefore, Movant's § 2255 motion is clearly untimely.

Insofar as Movant seeks to argue that his conviction did not become final until 90 days after the Fifth Circuit's dismissal "of his appeal" on October 2, 2003, his claim is patently frivolous. (Movant's Response to Order to Show Cause with Respect to the Statute of Limitations, filed on February 10, 2005). Movant did not file a direct appeal. Rather he filed an untimely notice of appeal, from the District Court's denial of his motion for an out of time appeal, which the Fifth Circuit dismissed for want of jurisdiction. Such an appeal did not have any impact on the date on which his conviction became final for purposes of the one-year statute of limitations.

With respect to the doctrine of equitable tolling, the court notes that Movant does not rely on the same. Nevertheless, his pleadings do not present "rare and exceptional circumstances"

4

warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The record clearly demonstrates that Movant did not exercise the diligence required of an individual seeking federal habeas corpus relief. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797. "Equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny Movant's Blakely/Booker claim as it is not cognizable in this motion under 28 U.S.C. § 2255, and dismiss his claims of ineffective assistance of counsel as barred by the one-year statute of limitations.

A copy of this recommendation will be transmitted to counsel for Movant and counsel for the Government.

Signed this 13th day of June, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.